Every thing connected with the point decided, is stated in the opinion of the court, which was delivered by
Huston, J.
This suit was brought to recover from John Willis, who had a license as a hawker and pedlar, the penalty of fifty dollars, incurred, as was alleged, for vending and exposing to sale foreign goods in Kittaning, an incorporated and county town. See Act of the 30th of March, 1784, 2 Sm. L. 99, and Act of the 28th of March, 1799, 3 Sm. L. 359, Purd. Dig. 637, (last edition.) the third’section of which enacts, that no person licensed for the purpose aforesaid, shall be permitted to vend or expose to sale any foreign goods, &c., in any private or public house, or any of the open streets, lanes, or alleys, or in any other part or place of the city of Philadelphia, or any of tfie corporate or county towns of this state, under the penalty of fifty dollars, &c.
The facts-, that John Willis, the defendant, arrived on the 25th of February, 1825, at the house of John Mechlin, in Kittaning, a corporate and county town, and opened and exposed his goods for sale, and sold foreign goods to sundry persons; and that he carried parcels of his goods to the houses of sundry persons in the said town, and there offered them for sale; and sold them, or parts of them, — r-in particular one card, containing a dozen strings of beads, of foreign manufacture, to Mr. Sloan, and another to Mr. Caldwell, were fully proved, and not denied. His license, as a pedlar, was also produced.
The defendant produced a license from the treasurer of the county to retail foreign merchandise, under the act of the 4th of March, 1824, Purd. Dig. fast edition,) 527. This act only authorizes the person licensed to sell goods at one place in the county. The court told the jury, that this act protected him in opening his goods and selling them in Mechlin’s room, and that the-selling of a string' of beads at Mr. Sloan's house to Mr. Sloan, *399 and another at Mr. Caldwell’s, to Mr. Caldwell, were of too slight a nature to incur the forfeiture.
The license from the governor to him, as a hawker and pedlar) is one thing, — as that contains a prohibition to sell in corporate and county towns, — and, as he did so sell, he incurred the penalty under this act. Whether the license from the treasurer will protect a licensed pedlar,' who continues to act as such, in opening his goods for sale in a corporate or county town, if he neither sells nor offers to sell in any other place within that county, is a question not submitted to us, and which we do not decide. In the present instance, he came with his goods, in a wagon, stood only three days, and then travelled on; and, during those three days, not only offered all his goods for sale, and sold parcels to different persons at Mechlin’s room, but he carried parcels of his goods into the houses of divers citizens of the borough, and there offered them for sale, and actually sold, in different places and to different persons, two cards of heads.
The offence prohibited, is vending or exposing to sale foreign goods. The law does not confine the offence to goods of any prer cise value or amount. The courts have no power to limit, where the law does not. Whenever a pedlar offers divers goods contrary to law, and sells any one article, he incurs the penalty. The act of 1824, and the license under it to sell in one place, do not protect a pedlar who carries his goods from house to house.
Judgment reversed, and a venire facias de novo awarded.